IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CHARLES FLYNN,<br>    Plaintiff,<br><br>v.<br><br>ILLINOIS DEPARTMENT OF<br>CORRECTIONS, *et al.*,<br>    Defendants. | Case No. 3:25-cv-03202-JEH |

**Merit Review Order**

Plaintiff, proceeding *pro se* and currently incarcerated at Lawrence Correctional Center, filed a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights at Taylorville Correctional Center ("Taylorville"), Western Illinois Correctional Center ("Western"), and Graham Correctional Center ("Graham"). (Doc. 1). This case is before the Court for a merit review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A. The Court must "screen" Plaintiff's Complaint and dismiss any legally insufficient claim or the entire action if warranted. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in the Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

I

Plaintiff files suit against the Illinois Department of Corrections ("IDOC"), Joshua McDannald (Chief Administrative Officer at Taylorville), Jake Walters (GEO Drug Treatment Program Coordinator), John Doe (unknown Supply Supervisor at Taylorville), and John Does (unknown Counselor Assessment Specialists at Western, Graham, and Taylorville).

Plaintiff states that Defendant IDOC implemented the ORAs case plan policy in July 2021. While Plaintiff was incarcerated at Western, Counselor Assessment Specialist Silvester Erude and Counselor Brown, who are not named as parties, conducted an ORA risk assessment and created a case plan for Plaintiff on February 15, 2023. Plaintiff was assessed as "high risk" based on a high risk/needs assessment.

In November 2023, Plaintiff was transferred to Taylorville. Plaintiff states he was not reassessed or issued a new case plan after his plan expired on February 15, 2024.

On February 23, 2024, Plaintiff began participating in a GEO Drug Treatment Program at Taylorville and entered into an Earned Program Sentence Credit Contract ("Contract") to participate in a substance abuse program. On March 25, 2024, Defendant Walters, the GEO Drug Treatment Program Coordinator, allegedly informed Plaintiff that his Contract was being revoked. Defendant McDannald, the Chief Administrative Officer, allegedly approved the decision. Plaintiff alleges he never received a disciplinary report, ticket, or incident report and was not given a formal hearing to dispute the claim, present witnesses or evidence, or provide testimony.

On July 8, 2024, Plaintiff was given an inmate commissary job assignment at Taylorville. Correctional Officer Craig, who is not named as a party, allegedly informed Plaintiff that his Contract was being revoked on July 11, 2024. Plaintiff

alleges he never received a disciplinary report, ticket, or incident report and no formal hearing was provided.

On September 2, 2024, Lieutenant Chadwell, who is not named as a party, allegedly escorted Plaintiff to the restrictive housing unit at Taylorville. Plaintiff's subsequent allegations are difficult to decipher. Plaintiff states: "Plaintiff was informed that an unknown correctional officer placed an administrative keep separate from designation on Plaintiff, citing staff familiarity safety and security concerns." (Doc. 1 at p. 6). Plaintiff alleges he did not receive a formal hearing to dispute the claim.

On September 11, 2024, Plaintiff was transferred from Taylorville. Plaintiff states he was an active participant in a career technology college course via Lakeland College and had a job assignment as a dietary cook. Due to his transfer, Plaintiff alleges his Contracts were revoked. Plaintiff alleges this resulted in the loss of future potential sentence credits, and he was not awarded the certificate of career technology. Plaintiff requests $150,000 in damages.

## II

Once a state awards good conduct credits to an inmate, the inmate has "a constitutionally-protected liberty interest in being released from prison before the end of his term…." *Figgs v. Dawson*, 829 F.3d 895, 906 (7th Cir. 2016); *see also Hamilton v. O'Leary*, 976 F.2d 341, 344 (7th Cir. 1992) ("Illinois state prisoners have a statutory right to receive good time credits, and such a state-created entitlement to good time credits is a liberty interest protected by the Fourteenth Amendment.") (internal citation omitted)).

A "state may not deprive inmates of [earned] good-time credits without following constitutionally adequate procedures to ensure that the credits are not arbitrarily rescinded." *Meeks v. McBride*, 81 F.3d 717, 719 (7th Cir. 1996); *see also Wolff v. McDonnell*, 418 U.S. 539, 557 (1974) ("But the State having created the right

to good time and itself recognizing that its deprivation is a sanction authorized for major misconduct, the prisoner's interest has real substance and is sufficiently embraced within Fourteenth Amendment 'liberty' to entitle him to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated."); *Webb v. Anderson*, 224 F.3d 649, 651–52 (7th Cir. 2000) ("When a state prisoner faces the loss of good time credits for alleged misconduct, he is entitled 'to those minimum procedures appropriate under the circumstances and required by the Due Process Clause [of the Fourteenth Amendment] to insure that the state-created right is not arbitrarily abrogated.'" (quoting *Wolff*, 418 U.S. at 557); *Martin v. Zatecky*, 749 F. App'x 463, 465 (7th Cir. 2019) ("[The plaintiff] has a liberty interest in his good-time credit and his credit-earning class, so he is entitled to due process before those interests can be taken away.").

That being said, good-time credits that have yet to be awarded, or parole that is promised in the future but is entirely discretionary, are not liberty interests protected by the Due Process Clause. *Montgomery v. Anderson*, 262 F.3d 641, 644–45 (7th Cir. 2001); *see also Zimmerman v. Tribble*, 226 F.3d 568, 572 (7th Cir. 2000) (holding that a "deprivation of the opportunity to earn good time credits . . . is not a constitutional violation"); *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996) ("[A prisoner] has no due process interest in the opportunity to earn good time credits.") (citing *Sandin v. Conner*, 515 U.S. 472, 487 (1995) (holding that if "the State's action will inevitably affect the duration of [the] sentence," there is due process protection, but that there is no such protection for an action that merely might affect the duration of the sentence)).

Plaintiff alleges Defendant Walters, the GEO Drug Treatment Program Coordinator, informed him on March 25, 2024, that his Earned Program Sentence Credit Contract was being revoked. Defendant McDannald, the Chief

Administrative Officer, allegedly approved the decision. Plaintiff alleges he never received a disciplinary report, ticket, or incident report and was not given a formal hearing. It is unclear from Plaintiff's Complaint if he had been awarded good time credits that were rescinded or if he simply lost the opportunity to earn good time credits. Plaintiff's Complaint also includes allegations regarding the revocation of other Earned Program Sentence Credit Contracts, placement in the restrictive housing unit at Taylorville, and a transfer, but Plaintiff does not allege that Defendants McDannald or Walters were personally involved. Plaintiff's allegations are insufficient to proceed on a due process claim against Defendants Walters or McDannald.

Plaintiff named John Doe (unknown Supply Supervisor at Taylorville) and John Does (unknown Counselor Assessment Specialists at Western, Graham, and Taylorville), but he did not include any specific allegations about these Defendants in the body of his Complaint.

The Eleventh Amendment bars Plaintiff's claim for damages against the IDOC, as the IDOC is not a "person" amenable to suit under § 1983. *See Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001); *Veal v. Illinois Dep't of Corr.*, No. 18-CV-0621-MJR, 2018 WL 3009265, at *2 (S.D. Ill. June 15, 2018). Therefore, Defendant IDOC is dismissed with prejudice.

Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A. Plaintiff is given leave to file an Amended Complaint within thirty days of this Order. Plaintiff's Amended Complaint will replace his original Complaint in its entirety. The Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted. Failure to file a timely Amended Complaint will result in the dismissal of this case, with prejudice, for failure to state a claim.

## III

Plaintiff filed a Motion to Request Counsel asking the Court to appoint an attorney to represent him. (Doc. 4). "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) (citing *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007)). When evaluating a Motion to Request Counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 655. Plaintiff states he contacted two law firms to seek representation. (Doc. 4 at p. 1). He does not indicate whether they responded to his request. Demonstrating a reasonable effort to obtain representation typically requires submitting letters from several attorneys declining assistance and copies of any documents which show Plaintiff tried to find an attorney. *See Olson*, 750 F.3d at 711. Plaintiff has not demonstrated a reasonable attempt to secure his own lawyer. Because Plaintiff has not satisfied the first prong, the Court does not address the second. *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). Plaintiff's Motion is DENIED, with leave to renew. If Plaintiff renews his motion, he is directed to attach copies of letters he sent to or received from prospective counsel, list the attorneys or law firms he contacted, and indicate whether he received a response.

**IT IS THEREFORE ORDERED:**

**1)   Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this Order to file an Amended Complaint. Plaintiff's Amended Complaint will replace Plaintiff's original Complaint in its entirety. The Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted. Failure to file a timely Amended Complaint will result in the dismissal of this case, with prejudice, for failure to state a claim.**

2) Defendant Illinois Department of Corrections ("IDOC") is **DISMISSED WITH PREJUDICE. The Clerk is directed to TERMINATE the IDOC.**

3) **Plaintiff's Motion Request Counsel [4] is DENIED.**

4) **Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and, if released from detention, Plaintiff's phone number. Failure to do so will result in dismissal of this case, with prejudice.**

*It is so ordered.*

Entered: July 31, 2025

s/Jonathan E. Hawley
U.S. District Judge