IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CHARLES FLYNN,<br>    Plaintiff,<br><br>v.<br><br>ILLINOIS DEPARTMENT OF<br>CORRECTIONS, *et al.*,<br>    Defendants. | Case No. 3:25-cv-03202-JEH |

**Merit Review Order**

Plaintiff, proceeding *pro se* and currently incarcerated at Lawrence Correctional Center, filed a Second Amended Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights at Taylorville Correctional Center ("Taylorville"), Western Illinois Correctional Center ("Western"), and Graham Correctional Center ("Graham"). (Doc. 11).

**I**

This case is before the Court for a merit review of Plaintiff's Second Amended Complaint pursuant to 28 U.S.C. § 1915A. The Court must "screen" Plaintiff's Second Amended Complaint and dismiss any legally insufficient claim or the entire action if warranted. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the Second Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in the Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief

1

that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## II

Plaintiff files suit against Joshua McDannald (Chief Administrative Officer at Taylorville), Jake Walters (GEO Drug Treatment Program Coordinator), Silvester Erude, Nelson (Counselor Assessment Specialist), Skinner (Supply Supervisor), Craig (Correctional Officer), Ruszkowski (Counselor), Unknown Counselors at Graham, Latoya Hughes, Jeremy Bonnett, Amanda Wolfe, Ryan Nothnagle, Matt Huffman (Counselor), Unknown Correctional Officer at Taylorville/Administrative Keep Separate From Officer, Lanthrop (Counselor), Yates (Counselor), and Steven Campbell.

When Plaintiff was incarcerated at Western, Defendant Erude assigned Plaintiff an ORA case plan on February 15, 2023. Plaintiff was assessed as "high risk" based on a high risk/needs assessment. Plaintiff alleges Defendant Erude never placed him on the waitlist for the Career Technology and Money Smart courses, as required by IDOC policy. Plaintiff admits he was not eligible for the Career Technology course, as he had more than a year left before release. Plaintiff alleges Defendant Erude was negligent by preparing an unobtainable ORA case plan and deprived him of the opportunity to earn sentence credits.

On November 15, 2023, Plaintiff was transferred to Graham. On November 17, 2023, Plaintiff asked to be placed on the waitlist for Career Technology and Money Smart. Plaintiff alleges Unknown Counselors at Graham neglected to place him on the waitlist, in violation of IDOC policy.

On February 2, 2024, Plaintiff was transferred to Taylorville. Shortly thereafter, Defendant Counselor Assessment Specialist Nelson interviewed and assessed Plaintiff. On February 15, 2024, Plaintiff's case plan expired, but

2

Defendant Nelson never issued a new plan. Without a case plan, Plaintiff alleges he was not eligible to earn program sentence credits.

On February 23, 2024, Plaintiff began participating in a GEO Drug Treatment Program Contract at Taylorville. On March 25, 2024, Defendant Walters, the GEO Drug Treatment Program Coordinator, allegedly informed Plaintiff his contract was being revoked. Plaintiff alleges he was not given a formal hearing. Plaintiff alleges he submitted a grievance, but Defendants Ruszkowski, Bonnett, Hughes, McDannald, and Wolfe denied his grievance.

On July 8, 2024, Plaintiff was given an inmate commissary job assignment at Taylorville. On July 11, 2024, Defendant Correctional Officer Craig allegedly informed Plaintiff his contract was being revoked. Plaintiff alleges Defendant Supply Supervisor Skinner called Defendant Craig and told him to notify Plaintiff of the revocation. Plaintiff alleges he was unable to earn sentence credits without his job assignment. Plaintiff submitted a grievance, which Defendants Huffman, Wolfe, McDannald, Nothnagle, and Hughes denied.

On September 2, 2024, Plaintiff alleges he was placed under investigative status at Taylorville for staff familiarity concerns and issued an investigative status report based on a false claim made by an Unknown Correctional Officer. On September 11, 2024, Defendant McDannald allegedly approved of an administrative transfer and transferred Plaintiff without a formal hearing. Plaintiff alleges he was an active participant in Earned Program Sentence Credits Contracts. Due to the transfer, Plaintiff's contracts were revoked. Plaintiff admits he was awarded credits earned to date, but he was deprived of the opportunity to earn future credits. Additionally, Plaintiff claims he was not awarded a certificate of completion and was denied the right to an education or to receive college credits. Plaintiff submitted a grievance, which Defendants Lanthrop, Yates, Campbell, Nothnagle, and Hughes denied.

### III

Once a state awards good conduct credits to an inmate, the inmate has "a constitutionally-protected liberty interest in being released from prison before the end of his term . . . ." *Figgs v. Dawson*, 829 F.3d 895, 906 (7th Cir. 2016); *see also Hamilton v. O'Leary*, 976 F.2d 341, 344 (7th Cir. 1992) ("Illinois state prisoners have a statutory right to receive good time credits, and such a state-created entitlement to good time credits is a liberty interest protected by the Fourteenth Amendment.") (internal citation omitted)).

A "state may not deprive inmates of [earned] good-time credits without following constitutionally adequate procedures to ensure that the credits are not arbitrarily rescinded." *Meeks v. McBride*, 81 F.3d 717, 719 (7th Cir. 1996); *see also Wolff v. McDonnell*, 418 U.S. 539, 557 (1974) ("But the State having created the right to good time and itself recognizing that its deprivation is a sanction authorized for major misconduct, the prisoner's interest has real substance and is sufficiently embraced within Fourteenth Amendment 'liberty' to entitle him to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated."); *Webb v. Anderson*, 224 F.3d 649, 651–52 (7th Cir. 2000) ("When a state prisoner faces the loss of good time credits for alleged misconduct, he is entitled 'to those minimum procedures appropriate under the circumstances and required by the Due Process Clause [of the Fourteenth Amendment] to insure that the state-created right is not arbitrarily abrogated.'" (quoting *Wolff*, 418 U.S. at 557); *Martin v. Zatecky*, 749 F. App'x 463, 465 (7th Cir. 2019) ("[The plaintiff] has a liberty interest in his good-time credit and his credit-earning class, so he is entitled to due process before those interests can be taken away.").

That being said, good-time credits that have yet to be awarded, or parole that is promised in the future but is entirely discretionary, are not liberty interests

protected by the Due Process Clause. *Montgomery v. Anderson*, 262 F.3d 641, 644–45 (7th Cir. 2001). Plaintiff does not allege that his good time credits were revoked; he alleges that he was denied the opportunity to earn good time credits. As a result, Plaintiff fails to state a due process claim. *See Zimmerman v. Tribble*, 226 F.3d 568, 572 (7th Cir. 2000) (holding that a "deprivation of the opportunity to earn good time credits . . . is not a constitutional violation"); *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996) ("[A prisoner] has no due process interest in the opportunity to earn good time credits.") (citing *Sandin v. Conner*, 515 U.S. 472, 487 (1995) (holding that if "the State's action will inevitably affect the duration of [the] sentence," there is due process protection, but that there is no such protection for an action that merely might affect the duration of the sentence)). Therefore, Plaintiff fails to state a claim against Defendants Erude, Unknown Counselors at Graham, Nelson, Craig, Skinner, McDannald, Walters, and the Unknown Correctional Officer at Taylorville based on allegedly being denied the opportunity to earn good time credits.

Plaintiff alleges Defendants Ruszkowski, Bonnett, Hughes, McDannald, Wolfe, Huffman, Nothnagle, Lanthrop, Yates, and Campbell are liable for denying or concurring with the denial of his grievances. To the extent Plaintiff is alleging that Defendants mishandled his grievances, he fails to state a claim. The denial or mishandling of a grievance is not enough to establish a constitutional violation. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). "[A] high-level official typically cannot be roped into a constitutional claim merely by denying a grievance concerning a 'completed act of misconduct.'" *Smith v. Engelage*, 2020 WL 5369886, at *4 (S.D. Ill. Sept. 8, 2020) (quoting *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007)); *see also Aguilar v. Gaston-Camara*, 861 F.3d 626, 633 (7th Cir. 2017) ("reject[ing] the notion that 'everyone who knows about a prisoner's problems will incur § 1983 liability.'") (quoting *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009)).

Plaintiff fails to state a claim against Defendants Ruszkowski, Bonnett, Hughes, McDannald, Wolfe, Huffman, Nothnagle, Lanthrop, Yates, and Campbell.

Finally, Plaintiff alleges Defendant McDannald transferred him to another facility without a formal hearing based on a false claim from an Unknown Correctional Officer. Plaintiff does not allege which prison he was transferred to or whether it was more restrictive. *See also Wilson v. Dittmann*, 732 F. App'x 475, 477 (7th Cir. 2018) ("An inmate being transferred to a more restrictive prison need be given at most only 'some notice' of the reasons for the transfer, an opportunity to present his views, and an informal review procedure following the decision." (quoting *Westefer v. Neal*, 682 F.3d 679, 684–85 (7th Cir. 2012))). Plaintiff fails to state a claim against Defendant McDannald and the Unknown Correctional Officer.

Finally, Plaintiff claims he was denied the right to an education. "There is no constitutional mandate to provide educational, rehabilitative, or vocational programs, in the absence of conditions that give rise to a violation of the Eighth Amendment." *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000) (quoting *Garza v. Miller*, 688 F.2d 480, 486 (7th Cir. 1982)); *see also Rhodes v. Chapman*, 452 U.S. 337, 348 (1981) ("Although job and educational opportunities diminished marginally as a result of double celling, limited work hours and delay before receiving education do not inflict pain, much less unnecessary and wanton pain; deprivations of this kind simply are not punishments."); *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996) ("[P]articipation in a rehabilitative program is a privilege that the Due Process Clause does not guarantee.").

Plaintiff's Second Amended Complaint is DISMISSED WITH PREJUDICE for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A. Any further amendment would be futile because Plaintiff has had multiple opportunities to state an actionable claim and failed to do so.

IT IS THEREFORE ORDERED:

1) Plaintiff's Second Amended Complaint is DISMISSED WITH PREJUDICE for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A. The Court finds any further amendment would be futile. The Clerk is directed to close this case and enter judgment.

2) This dismissal may count as one of Plaintiff's three allotted strikes pursuant to 28 U.S.C. § 1915(g). The Clerk is directed to record Plaintiff's strike in the three-strike log.

3) Although this case has been dismissed, Plaintiff remains responsible for paying the remainder of the $350 filing fee. (See d/e 7/11/2025).

4) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST identify the issues Plaintiff will present on appeal to assist the Court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *see also Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (stating that an appellant should be allowed to submit a statement of the grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith"); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good-faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal.

*It is so ordered.*

Entered: December 9, 2025

s/Jonathan E. Hawley
U.S. District Judge